UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN D. SUTTON,<br><br>          Petitioner<br><br>     v.<br><br>THE STATE OF NEVADA, *et al.*,<br><br>          Respondents | Case No. 2:22-cv-02155-CDS-NJK<br><br>ORDER |

Petitioner Kevin D. Sutton, a *pro se* Nevada prisoner, has filed a petition for declaratory judgment pursuant to 28 U.S.C. § 2201. ECF No. 1-1 ("Petition"). Following initial review, the court dismisses the Petition due to multiple substantial defects.

I.     BACKGROUND

Sutton appears to challenge a 1999 judgment of conviction entered in the Eighth Judicial District Court in *State of Nevada v. Kevin D. Sutton*, case no. 96C139518.[1] Sutton was convicted of first-degree murder with the use of a deadly weapon and is serving a sentence of life with the possibility of parole after an aggregate of 40 years.

In his instant Petition, Sutton seeks for this court to, *inter alia*, have him "immediately released from the respondents' custody." ECF No. 1-1 at 11. Sutton argues that his sentence enhancement for using a deadly weapon is unconstitutional because he was never convicted of the offense of using a deadly weapon. *See generally id.*

---

[1] The court takes judicial notice of the online docket records of the Eighth Judicial District Court, which may be accessed online at https://www.clarkcountycourts.us/Anonymous/default.aspx. The court takes judicial notice of the habeas petitions Sutton has filed in the District of Nevada, including one that was decided on the merits. *See Kevin D. Sutton v. Farwell*, Case No. 3:04-cv-00498-HDM; *Sutton v. LeGrand*, Case No. 3:13-cv-00232-RCJ-VPC; *Sutton v. LeGrand*, Case No. 3:15-cv-00353-MMD-VPC; *Sutton v. LeGrand*, Case No. 3:15-cv-00394-MMD-WGC; *Sutton v. Baker*, Case No. 3:18-cv-00233-MMD-CLB; *Sutton v. Baker*, Case No. 3:18-cv-00598-MMD-CLB; *Sutton v. Olsen*, Case No. 3:21-cv-00374-RCJ-WGC; *Sutton v. Olsen*, Case No. 3:21-cv-00435-MMD-CLB.

## II. DISCUSSION

### A. Commencement

Sutton did not pay the filing fee, and he did not file an application to proceed *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1914(a), the filing fee for "any civil action, suit or proceeding . . . whether by original process, removal or otherwise," except for an application for a writ of habeas corpus, is $350.00, to which is added a $52.00 administration fee. Sutton did not file an application for a writ of habeas corpus in this action; instead, he petitions for declaratory judgment. The filing fee therefore is $402.00. The Prisoner Litigation Reform Act allows the court, on application, to permit Sutton to pay the $402.00 fee in installments even if he currently is not able to pay the entire fee. But Sutton did not pay the fee or file an application to proceed IFP to pay the fee in installments, so this action has been improperly commenced. 28 U.S.C. § 1915.

### B. The Petition

Sutton's Petition is subject to multiple substantial defects warranting dismissal of the Petition without prejudice. First, this court does not have jurisdiction over an action brought against the State of Nevada. Sutton may not proceed directly against the State of Nevada or an arm of the State in federal court due to the state sovereign immunity recognized by the Eleventh Amendment. *E.g., O'Connor v. Nevada*, 686 F.2d 749 (9th Cir. 1982) ("It is clear that under the eleventh amendment a state or its agencies cannot be sued in federal court without its consent.") State sovereign immunity bars an action against the State or an arm of the State in federal court regardless of the relief sought. *E.g., Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984).

Second, Sutton invokes 28 U.S.C. § 2201, which provides that in an actual controversy a court may declare the rights and other legal remedies of the parties. The court is unaware of any authority that indicates that the constitutionality of a state court judgment of conviction may be challenged under this federal statute. Rather, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v.*

*Kenny*, 907 F.2d 874 (9th Cir.1990), *cert. denied* 11 S.Ct. 1090 (1991). Sutton appears to challenge his conviction by arguing the unconstitutionality of his sentence based on Nevada's sentence enhancement statute. His sole federal remedy for such claims is a writ of habeas corpus.

Third, to the extent that Sutton challenges his judgment of conviction other than through a habeas petition, his civil action is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). An inmate in custody pursuant to a judgment of conviction may not pursue claims that necessarily challenge the validity of that conviction in a federal civil action other than in a federal habeas action. *Id.*

### III.  CONCLUSION

It is therefore ordered that the clerk file the petition for declaratory judgment (ECF No. 1-1).

It is further ordered that the petition for declaratory judgment (ECF No. 1-1) is dismissed without prejudice. A certificate of appealability is denied, as reasonable jurists would not find the dismissal of this action without prejudice to be debatable or wrong.

It is further ordered that the clerk enter final judgment accordingly and close this case.

DATED: January 5, 2023

_____
UNITED STATES DISTRICT JUDGE